LAW OFFICE OF SANDER D. FRIEDMAN
Wesley G. Hanna, Esquire
125 North Route 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| LORRAINE Z. WAITKUS, | Civil Case Number: |
| *Plaintiff,* | |
| v. | Civil Action |
| PRESSLER and PRESSLER, LLP and NEW CENTURY FINANCIAL SERVICES, INC. | **COMPLAINT** |
| *Defendants.* | |

Plaintiff hereby complain against the Defendants as follows:

### PARTIES

1. Plaintiff Loraine Z Waitkus is an individual residing at 537 Adirondack Court, Mahwah, New Jersey.

2. Defendant New Century Financial Services, Inc. ("New Century Financial") is corporation with a principal place of business in New Jersey. New Century Financial is in the business of purchasing debt, including but not limited to delinquent and charged off credit card accounts.

3. Defendant Pressler and Pressler, L.L.P. ("Pressler and Pressler") is a limited liability partnership with a principal place of business in New Jersey. Pressler and Pressler specializes in retail collections.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in the Federal District Court as the case is premised upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

5.      Venue is proper in Newark because a substantial part of the events giving rise to Plaintiff's claims took place in the scope of the Newark vicinage.

## GENERAL BACKGROUND

6.      Loraine Waitkus earns her living from the sale of real estate. Her earnings are 100% commission based.

7.      Loraine Waitkus allegedly incurred debts that were purchased by New Century Financial and became the subject of a state court action in which Pressler and Pressler represented New Century Financial. That action resulted in a default judgment being entered against Ms. Waitkus.

8.      Defendants filed a motion in the Special Civil Part of the New Jersey Superior Court that was captioned "Motion to Turn Over Funds". That was actually a motion to execute upon Ms. Waitkus' earnings.

9.      New Jersey's rules of civil practice set forth specific notice requirements as to any motion to execute upon earnings. Rule 6:7-3(a) imposes the notice requirements set forth in Rule 4:59-1(d) on motions for wage execution brought in the Special Civil Part. Rule 4:49-1(d) provides, among other things, that the notice must state: that an application is being made for a wage execution; the applicability of state and federal limitations on wage executions; and the non-moving parties has the right to oppose and demand a hearing on the application by notifying the Court within 10 days.

10.     Federal law limits the amount of executions on earnings to 25% of disposable income. 15 U.S.C. 1673(a). Similarly, state law limits executions on earnings to 10% in most circumstances.

11.     Defendants failed to adhere to any of the notice requirements. There was no indication that their purported Motion to Turn Over Funds was an attempt to execute upon earnings. There was no reference to state or federal limitations on the amount of wage executions. Instead of informing Ms. Waitkus of the right to object within 10 days, it asserted that Ms. Waitkus had only 8 days to object and that she had do so via certification served upon New Century Financial.

12.     The judge entered Defendants' proposed form of order.

13.     Defendants then used the order to obtain a writ of execution and attempted to execute upon 100% of Ms. Waitkus' commissions.

14.     In a desperate attempt to avoid losing 100% of her earnings and having nothing to live on, Ms. Waitkus paid an attorney to file bankruptcy on her behalf.

15.     She then consulted another attorney who then filed a motion on her behalf to vacate the order that Defendants were using to execute on Ms. Waitkus' earnings.

16.     The trial judge granted Ms. Waitkus' motion, specifically finding that Defendants failed to provide notice pursuant to the Court Rules.

## **CLASS ALLEGATIONS**

17.     The above recitations are hereafter incorporated by reference.

18.     Defendant New Century Financial is a large purchaser of defaulted and/or delinquent consumer debt.

19.     Defendant Pressler and Pressler is a New Jersey law firm concentrating nearly exclusively in the field of consumer debt collection.

20.     Defendants file a large volume of similar litigation throughout the state and rely heavily on form pleadings and standardized collection procedures.

21.     Upon information and belief, Defendants routinely attempt to execute upon judgment debtors' earnings in the form of commissions and tips by filing motions substantially similar to the motion filed against Loraine Waitkus.

22.     Upon information and belief, Defendants have filed a large number of motions that do not provide the notices required by court rule; make misrepresentations as to when and how to oppose; and attempt to collect upon 100% of the judgment debtors' earnings.

23.     The proposed class(es) consists of:

> (a)     all natural persons against whom Defendants filed motions to execute upon earnings that failed to provide all notices required by court rule and/or made misrepresentations as to when and how to oppose the motions.
>
> (b)     all natural persons that have been subject to an execution of, or attempt to execute upon, 100% of their earnings.

24.     Members of the prospective class(es) are so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members based upon the size and scope of the Defendants' activities in the field of consumer debt collection. The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendants and/or appropriate discovery.

25.     Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual members of the class.

26.     Common questions of fact and law include, but may not be limited to:

    a.    Whether Defendants' motions to turnover funds were subject to the notice requirements set forth in New Jersey Court Rule 4:59-1(d), and 6:7-3(a).

    b.    Whether Defendants' notices are deficient.

    c.    Whether Defendants' notices contain misrepresentations about how and when to oppose the motion.

    d.    Whether Defendants attempted to execute upon earnings in excess of the limitations set forth by state and federal law.

27. Plaintiff's claims are typical of the claims of the class(es) as she was subject to the motion and execution attempts.

28. Plaintiff has the same interest as all other members of the class(es) - ensuring Defendants comply with all laws affecting the collection of consumer debts.

29. Plaintiff will fairly and adequately represent and protect the interest of the class(es).

30. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation. The interests of the Plaintiff is coincident to, and not antagonistic to, the interest of other members of the class(es).

31. The questions of law and fact common to members of the class predominant over any questions affecting individual class members and class litigation is the superior method to adjudicate the common questions. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendants. The Defendants hold policies and/or acts in ways that affect all class members identically.

32. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

33. Neither Plaintiff, nor her counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

### Count I:  Violation of the Fair Debt Collection Practices Act

34. The above recitations are hereafter incorporated by reference.

35. Defendants are debt collectors for the purposes of the Fair Debt Collection Practices Act.

36. Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by

attempting to execute upon earnings without providing all of the notices required by New Jersey's Rules of Civil Practice.

37.   Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by misrepresenting the time limitations and procedures to follow to oppose their motion.

38.   Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by executing and/or attempting to execute upon 100% of Ms. Waitkus' earnings.

39.   Ms. Waitkus suffered damages as a result of Defendants' unlawful conduct.

*Wherefore*, Plaintiffs request judgment as follows:

a.   Certifying this matter as a class action, with multiple classes, or sub-classes, as may be appropriate;
b.   Awarding such sums as appropriate under *15 U.S.C. 1692k*;
c.   Awarding actual damages;
d.   Awarding counsel fees and costs of suit;
e.   Awarding pre-judgment interest;
f.   Enjoining Defendants' from engaging in their unlawful collection practices;
g.   Awarding other such relief as the Court may deem fair and equitable.


Date:   November 7, 2011

LAW OFFICE OF SANDER D. FRIEDMAN
*/s/Wesley G. Hanna*
Wesley G. Hanna
WH-9019