P&P File # P149026A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

============================== :
                                                  :
**LORRAINE Z. WAITKUS**              :                    **2:11-cv-06531 (SRC)(MAS)**
                                                  :
                                                  :
    Plaintiff                        :
                                                  :
      vs.                            :
                                                  :
**PRESSLER & PRESSLER, LLP**       :
**and NEW CENTURY FINANCIAL**   :
**SERVICES, INC.**                       :
                                                  :
    Defendants                    :
                                                  :
============================== :

---

## DEFENDANTS, PRESSLER & PRESSLER, L.L.P. AND NEW CENTURY FINANCIAL SERVICES, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

---

Michael J. Peters, Esquire
Mitchell L. Williamson, Esquire
On the Brief

Dated:  January 3, 2012

     *s/Mitchell L. Williamson*
Mitchell L. Williamson, Esq.
**Attorneys for Defendant,**
**Pressler & Pressler, LLP and New Century Financial Services, Inc.**
Pressler and Pressler, L.L.P.
7 Entin Road
Parsippany, New Jersey 07054
Telephone: (973) 753-5100 / Facsimile:  (973) 753-5353
mwilliamson@pressler-pressler.com

# TABLE OF CONTENTS

I.    **INTRODUCTION**      **1**

II.    **CURRENT STATUS OF THE MATTER**      **2**

III.    **LEGAL ARGUMENT**      **2**

    A.  **STANDARD OF REVIEW**      **2-5**

    B.  **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE IT IS WHOLLY DEFICIENT UNDER <u>TWOMBLY</u> AND <u>IQBAL</u>**      **5-6**

    C.  **PLAINTIFF HAS NOT SET FORTH ANY FACTS WHICH ENTITLE HER TO "ACTUAL DAMAGES" UNDER THE FDCPA**      **6**

    D.  **PLAINTIFF MAY NOT SEEK EQUITABLE RELIEF UNDER THE FDCPA**      **7**

IV.    **CONCLUSION**      **7**

# TABLE OF AUTHORITIES

**CASES**        **Pages**

Agostino v. Quest Diagnostics, Inc., 256 F.R.D. 437 (D.N.J. Feb. 11, 2009)    7

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)    3,4,6,7

Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)    3,5,6,7

Burtch v. Milberg Factors, Inc., 2011 U.S. App. LEXIS 21476 (3d Cir. 2011)    4,6

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed 2d 80 (1957)    3

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)    5,7

Hernandez v. Miracle Fin., Inc., 2011 U.S. Dist. LEXIS 144356 (D.N.J. Dec. 13, 2011)   7

Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004)    7

**STATUTES**

15 U.S.C. 1692    1

**RULES**

FED. R. CIV. P. 8(a)(2)    2,7

FED R. CIV. P. 12(b)(6)    2,5

New Jersey Court Rule 4:59-1(d)    1

New Jersey Court Rule 6:7-3    1

## I.        INTRODUCTION

Plaintiff has filed the instant matter as a putative class action vaguely claiming that Defendants Pressler and Pressler, LLP (hereinafter "Pressler") and New Century Financial Services, Inc. (hereinafter "NCFSI") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* (hereinafter "FDCPA" or "the Act").   The instant motion is filed on behalf of Pressler and NCFSI at this time.   NCFSI's alleged liability stems solely from alleged actions of Pressler and is not based on any independent actions undertaken by NCFSI.   Therefore a dismissal of the claims against Pressler would moot the claims made against NCFSI.

Plaintiff's five (5) page class action Complaint fails to properly set forth any specific section(s) of the Act that Defendants allegedly violated.   Plaintiff's allegations merely stem from Pressler's filing of a "Motion to Turn Over Funds" with respect to Plaintiff's "commission based" earnings. See Complaint ¶¶'s 6-16.

Plaintiff's allegations are based upon a default judgment entered against her in the Superior Court of New Jersey, Law Division, Special Civil Part.   See Complaint ¶ 7.   According to Plaintiff, she makes her living from the sale of real estate and her earnings are 100% based upon commissions.   See Complaint ¶ 6.   Plaintiff alleges that Pressler filed a "Motion to Turn Over Funds" which, in actuality, was a "motion to execute upon Ms. Waitkus' earnings."   See Complaint ¶ 8.

Based upon Plaintiff's contention that the motion was, in actuality, a motion to execute upon earnings, she alleges that Pressler failed to provide the proper notice requirements required by

Rule 4:59-1(d) vis-à-vis Rule 6:7-3 pertaining to Special Civil Part actions.  See Complaint ¶ 9. Plaintiff continues by alleging that by failing to provide the requisite notices, Defendants did not properly inform Plaintiff of the appropriate time period and method upon which an objection could have been submitted and did not inform Plaintiff that monetary limits are placed on wage executions.  See Complaint ¶ 11.

Plaintiff alleges that subsequent to the Court granting Pressler's Motion to Turn Over Funds, she retained an attorney to move to vacate the resulting Order.  See Complaint ¶¶'s 12-15.  Plaintiff further alleges that the trial court granted the motion to vacate the Order with a specific finding by the court that "defendants failed to provide notice pursuant to the Court Rules."  See Complaint ¶ 16.  These are the only facts that form the basis for Plaintiff's five (5) page class action Complaint.

## II.     CURRENT STATUS OF THE MATTER

Procedurally, the initial Complaint was filed on November 7, 2011. See (Dkt. # 1).  Defendants Pressler and NCFSI applied for and received a Clerk's extension to answer or otherwise respond to Plaintiff's Complaint until January 3, 2012 and January 5, 2012 respectively.  See (Dkt. ##'s 7, 8).  Defendants Pressler and NCFSI are filing the instant Motion to Dismiss in lieu of an Answer to Plaintiff's Complaint.  No other activity has been undertaken.

## III.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Failing to satisfy Rule 8 is grounds for dismissal for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

The United States Supreme Court in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), elaborated upon the pleading requirements of Rule 8(a)(2).  In <u>Twombly</u>, the Court explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"
>
> [550 U.S. at 555 (citations omitted, alterations in original).]

As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1949 (citation omitted).

In effectively overruling the standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed 2d 80 (1957), the Supreme Court in <u>Twombly</u>, made clear that the facts alleged in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)[.]"  550 U.S. at 555

3

(citations omitted).  Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not merely conceivable.  Id. at 570.

While a court, in deciding a motion to dismiss, must generally accept as true all well pleaded factual allegations contained in the Complaint, a court is <u>not</u> required to accept as true legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1949.  After disregarding conclusory statements and legal conclusions set forth therein, the court considers whether the complaint meets the "plausibility standard."  <u>Burtch v. Milberg Factors, Inc.</u>, 2011 U.S. App. LEXIS 21476 at *15 (3d Cir. 2011)(citation omitted). For a complaint to meet the "plausibility standard," the plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id</u>. at 15-16 (citations omitted).

<u>Twombly</u> and <u>Iqbal</u> highlight, however, that merely pleading facts consistent with a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).  To determine whether a complaint states a "plausible" claim for relief, the court must "draw on its judicial experience and common sense."  <u>Id</u>. at 1950.  As the Court in <u>Iqbal</u> opined:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth.  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a

4

court should assume their veracity and then determine whether they <u>plausibly</u> give rise to an entitlement to relief.

[<u>Ibid</u> (emphasis added).]

As set forth in detail hereinafter, the Complaint is embedded with conclusory allegations and is nothing more than a rote recitation of language generally contained in the FDCPA.  Thus, Plaintiffs have failed to give Defendant fair notice of what the claims are and the facts upon which they rest.  <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555.  Therefore, Plaintiffs' Complaint must be dismissed in its entirety pursuant to FED. R. CIV. P. 12(b)(6).

### B.   THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE IT IS WHOLLY DEFICIENT UNDER <u>TWOMBLY</u> AND <u>IQBAL</u>

As mentioned above, the Supreme Court in <u>Twombly</u> made clear that in order to survive a Rule 12(b)(6) motion a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  This analysis requires a two-part analysis:  "First, the factual and legal elements of a claim should be separated."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the court must determine if the facts as alleged show that the plaintiff is entitled to relief beyond the court's inference of a "mere possibility of misconduct."  <u>Id</u>. at 211 (<u>quoting</u> <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1950).

Plaintiff's Complaint is devoid of even a mere recitation of a single specific statutory provision of the FDCPA which Defendants allegedly violated.  Plaintiff's class action Complaint contains only a single count (Count I) which states, in relevant part, as follows:

Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by attempting to execute upon earnings without providing all of the notices required by New Jersey's Rules of Civil Practice.

Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by misrepresenting the time limitations and procedures to follow to oppose their motion.

Defendants engaged in deceptive, oppressive, abusive, unfair, and unconscionable practices by executing and/or attempting to execute upon 100% of Ms. Waitkus' earnings.

[See Complaint ¶¶'s 36-38.]

Thus, Plaintiff's five (5) page class action Complaint contains only two (2) vague conclusory paragraphs concerning the class (¶¶'s 36 and 37) and a single vague conclusory paragraph concerning the Plaintiff (¶ 38). Plaintiff does not provide a scintilla of explanation as to what provisions of the FDCPA are violated or the reason(s) therefore. These statements are legal conclusions formed by Plaintiff and lack any specificity as to how the alleged conduct is contrary to any identifiable statutory provision in the Act. This is nothing more than Plaintiffs' allegations of a purported "possibility that [ ] defendant has acted unlawfully," and not a plausible statement of a cause of action. See Burch, supra, 2011 U.S. App. LEXIS 21476 at *15.


The pleading requirements in federal court do not contemplate a Defendant being left without notice of how the alleged actions violate the law. In the absence of amendment, Defendant should not be left "guessing" when responding to Plaintiff's mere allegations since they are not associated with a specifically alleged violation to the FDCPA. Plaintiff's Complaint simply contains a rote recitation of fundamental principles of the FDCPA which falls short of the pleading requirements/standards of Twombly and Iqbal, supra.

**C.     PLAINTIFF HAS NOT SET FORTH ANY FACTS WHICH ENTITLE HER TO "ACTUAL DAMAGES" UNDER THE FDCPA**

In her prayer for relief, Plaintiff seeks actual damages under the FDCPA.  <u>See</u> Complaint ¶ 39c.  However, Plaintiff's five (5) page class action Complaint is completely bereft of a single factual allegation correlated to even a vague delineation of actual damages under the FDCPA.  As such, Plaintiff has failed to state a claim for "actual damages" under the Act.

**D.     PLAINTIFF MAY NOT SEEK EQUITABLE RELIEF UNDER THE FDCPA**

Additionally in her prayer for relief, Plaintiff seeks to "enjoin[] Defendants' from engaging in their unlawful collection practices."  <u>See</u> Complaint ¶ 39f.  Plaintiff cannot obtain said relief on behalf of herself or the putative class.  The Third Circuit has made clear that injunctive or declaratory relief is not available to private plaintiffs pursuing claims under the FDCPA.  <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 342 (3d Cir. 2004)(holding "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA[]"); <u>See</u> <u>also</u> <u>Agostino v. Quest Diagnostics, Inc.</u>, 256 F.R.D. 437, 459 (D.N.J. Feb. 11, 2009)(court denied class certification for FDCPA claims since seeking injunctive or declaratory relief not available to private plaintiffs); <u>See</u> <u>also</u> <u>Hernandez v. Miracle Fin., Inc.</u>, 2011 U.S. Dist. LEXIS 144356 at *14 (D.N.J. Dec. 13, 2011)(citing <u>Weiss</u>, <u>supra</u>).  Accordingly, Plaintiff fails to state a claim upon which such relief can be granted.

**IV.     CONCLUSION**

Wherefore, based upon the foregoing, Defendant respectfully requests that the Plaintiff's Complaint be dismissed in the case *sub judice* as Plaintiff has failed to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) as set forth in Twombly and Iqbal, supra.

Respectfully submitted,

Dated:  January 3, 2012                    By:  s/Mitchell L. Williamson
                                           Mitchell L. Williamson, Esquire
                                           Attorney for Defendants