<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LORRAINE Z. WAITKUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **Civil Action No. 11-6531 (SRC)** |
| v. | : | |
| | : | **OPINION** |
| PRESSLER & PRESSLER, L.L.P. and NEW | : | |
| CENTURY FINANCIAL SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the joint motion by Defendants Pressler and Pressler, L.L.P. and New Century Financial Services, Inc. (collectively "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 9]. Plaintiff Lorraine Z. Waitkus ("Plaintiff" or "Waitkus") has opposed the motion. The Court opts to rule on the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. It has considered the papers filed by the parties, and for the reasons discussed below, the motion will be granted in part and denied in part.

I.  **BACKGROUND**

This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> The following facts are alleged in the Complaint:

Plaintiff Waitkus, a resident of New Jersey, sells real estate for a living. All of her earnings are based on commissions from those sales.  According to the Complaint, Defendant New Century Financial Services ("New Century") is a large purchaser of defaulted and/or delinquent consumer debts, and Defendant Pressler and Pressler is a New Jersey law firm concentrating in the field of consumer debt collection.

Waitkus allegedly incurred debts, which were later purchased by Defendant New Century.  New Century, represented by Defendant Pressler and Pressler, initiated an action in New Jersey state court to collect on the debt allegedly owed by Waitkus (the "collection action"). A default judgment was entered against Waitkus in the collection action.  Thereafter, New Century, through its counsel Pressler and Pressler, filed a motion in the collection action captioned "Motion To Turnover Funds."  Despite the label given to the motion, Waitkus alleges that what Defendants actually sought to do was execute their collection action judgment upon her earnings. The Complaint avers that Defendants' Motion To Turnover Funds failed to adhere to various notice requirements imposed by New Jersey court rules in that it did not state (1) that it was an application for wage execution; (2) what limits federal and state law placed on wage execution; (3) that the non-moving party has a right to oppose the application and demand a hearing by notifying the Court within 10 days.[1]  According to the Complaint, based on this faulty notice, Waitkus did not submit her opposition within the time provided by court rules, and on

---

[1] In the Complaint, Plaintiff avers that the notice advised that she needed to submit her opposition within 8 days, a shorter time period than what she claims the rules require.  The actual language in the notice of motion filed in the collection action, however, notifies that she would have until 8 days before the return date of December 17, 2010 to object.  The motion for turnover of funds was entered as unopposed on December 3, 2010, although according to the allegedly incorrect notice provided by Defendants, opposition would have been due December 9, 2010.

December 3, 2010 the judge in the collection action entered the proposed form of order which had been submitted by New Century and Pressler.

Defendants thereafter used the collection action order to obtain a writ of execution. Waitkus alleges that they attempted to execute upon 100% of her commissions.  She alleges that to stop the execution and preserve her income, Waitkus was forced to hire an attorney to file for bankruptcy on her behalf.  She further alleges that, with the assistance of another attorney, she filed a motion to vacate the order on which Defendants obtained the writ of execution.  That motion, the Complaint states, was granted for failure by New Century to provide notice as required by New Jersey court rules.

Waitkus initiated this putative class action in federal court on November 7, 2011.  The sole count in her Complaint pleads for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, for Defendants' alleged violations of that statute.


II.   **DISCUSSION**

   A.   **Legal Standard**

The issue before the Court on a motion challenging the sufficiency of a complaint under Rule 12(b)(6), "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).   To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.  Those cases hold that the pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint

"pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged.  Id.   In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**B.    Analysis**

Congress enacted the FDCPA "to eliminate abusive debt collection practices."  15 U.S.C. § 1692(e).  Persons aggrieved by a debt collector's violation of any one or more of the statutory requirements may seek legal redress pursuant to the private cause of action created by the statute. 15 U.S.C. § 1692k.  Defendant argues that Plaintiff's Complaint is deficient because it fails to cite what provisions of the FDCPA have allegedly been violated by their actions.

Defendants' argument completely misapplies the federal pleading requirement of Rule 8(a).  The rule requires that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

4

Iqbal and Twombly clearly hold that the sufficiency of a complaint is based upon the facts alleged, not on a plaintiff's recitation of the elements of a cause of action.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.  They instruct a court reviewing a complaint on a Rule 12(b)(6) motion to consider the legal framework of the plaintiff's claims and determine whether the factual allegations, assumed to be true, plausibly give rise to an entitlement to relief.  Iqbal, 129 S.Ct. at 1950.  Neither of those cases, nor Rule 8 itself, impose a standard that requires the legal precision Defendants appear to demand.  Defendants do not cite a single authority supporting their argument that the Complaint fails to state a claim upon which relief may be granted because Waitkus did not invoke the specific FDCPA provisions she claims were violated by Defendants' conduct.  Indeed, the Supreme Court observed, in Iqbal, that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . ."  Id.

To the extent Defendants protest that Plaintiff has, in her opposition brief, improperly relied on facts which are not pled in the Complaint to bolster her FDCPA claim, they are correct.  It is well-established that the Court's review of the sufficiency of a claim will not take into account factual allegations that are not made in the Complaint.  Burlington, 114 F.3d 1410, 1424-25 (3d Cir. 1997) (holding that a district court ruling on a motion to dismiss is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based.").  Moreover, a party cannot amend her complaint in a brief submitted in opposition to a motion to dismiss.  Federico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007).  The Court, however, has reviewed the sufficiency of the FDCPA claim based solely on the facts alleged in the Complaint and various documents on which it expressly relies, such as the

filings made in the collection action.  For the reasons that follow, the Court finds that the claim for relief under 15 U.S.C. § 1692k survives this motion.

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.   The statute identifies, without limitation, various practices which will be considered to run afoul of that prohibition.  Id. Among these is the collection of any amount not permitted by law.  15 U.S.C. § 1692f(1).  The Complaint alleges that Defendants attempted to execute the turnover order against 100% of Plaintiff's commission-based earnings, which the Complaint further alleges exceeds federal and state statutory caps of 25% and 10%, respectively, on executions against income and earnings. See 15 U.S.C. § 1673(a); N.J.S.A. 2A:17-56.  This factual allegation, assumed to be true, plausibly states that Defendants violated the FDCPA.  Plaintiff also alleges that Defendants failed to adhere to explicit state court rules concerning the notice that must be given to a debtor against whom wage execution is sought.  She avers that Defendants misleadingly identified their application as one for a turnover of funds, without disclosing, as required by New Jersey law, that it was an application for wage execution and without providing notice of the federal and state limitations on wage executions.  Indeed, the Complaint further alleges that the order granting that application was later vacated for failure to comply with the New Jersey notice provisions.  These allegations further support Plaintiff's claim that Defendants engaged in unfair or unconscionable conduct in their attempt to collect the debt owed by Plaintiff.  In short, the factual allegations of the Complaint, assumed to be true for purposes of this motion, plausibly state that Plaintiff is entitled to relief under the FDCPA.  Her claim under 15 U.S.C. § 1692k satisfies Rule 8(a)'s pleading standard.

Defendants have also argued that Plaintiff's plea to recover actual damages under the FDCPA must be stricken for failure to allege any facts that plausibly demonstrate that she incurred such damages.  The FDCPA entitles a person aggrieved by a debt collector's failure to comply with the statute to "any actual damage sustained by such a person as a result of such failure." 15 U.S.C. § 1692k(a)(1).  Plaintiff avers that as a result of Defendants' unlawful attempt to execute against her earnings, Plaintiff was forced to hire a lawyer to file a bankruptcy petition for protection against this execution.  Clearly, this allegation states an actual monetary loss to Plaintiff as a result of the allegedly unlawful collection practice.[2]  Thus, Waitkus plausibly states a claim for actual damages under the FDCPA.

On the other hand, her plea for injunctive relief is not cognizable under the FDCPA.  The statute does not permit a litigant asserting a private cause of action to obtain injunctive, declaratory or other equitable relief.  Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004).  Accordingly, the Court will grant Defendants' motion insofar as it seeks to dismiss her request that the Court enjoin Defendants from engaging in unlawful collection practices and to dismiss her catch-all plea for any equitable relief the Court may find proper.

---

[2] She also alleges in the Complaint that she "consulted" another lawyer, who filed a motion on her behalf to vacate the order for turnover of funds.  It is not clear from this allegation, however, whether Waitkus paid the attorney for this service.

III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's plea for injunctive and/or equitable relief under the FDCPA.  It will deny Defendants' motion to dismiss the Complaint in all other respects.  An appropriate form of Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: March 2, 2012